2006 ME 77

## CONWAY LAKE RESORTS, INC.

v.

## QUISISANA RESORT et al.

Supreme Judicial Court of Maine.

Argued: Oct. 21, 2005.
Decided: June 22, 2006.

John C. Bannon, Sarah A. McDaniel (orally), Murray, Plumb & Murray, Portland, for plaintiff.

Richard A. Spencer (orally), Brian D. Willing, Amanda A. Meader, Drummond, Woodsum & MacMahon, Portland, for defendants.

A. Kingman Pratt Jr., Fryeburg, for Town of Lovell, defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

DANA, J.

[¶ 1] Quisisana Resort, Farrington's Owners' Association, Kezar Lake Watershed Association, and Greater Lovell Land Trust (Quisisana) appeal from a judgment entered in the Superior Court (Oxford County, *Gorman, J.*) in favor of Conway Lake Resorts, Inc. Quisisana argues, inter alia, that the court erred in concluding that the Zoning Board of Appeals of the Town of Lovell (ZBA) exceeded its authority in asserting jurisdiction over Conway's application.[1] Finding the ZBA's assertion of jurisdiction proper, we vacate the judgment of the Superior Court.

## I. BACKGROUND

[¶ 2] In March 2003, Pleasant Point Realty Trust (PPRT) and Conway—respectively, the owner and contract purchaser of property on Kezar Lake—planned to modify the internal structure of a "main lodge building" located on the property. PPRT and Conway applied to the ZBA requesting a permit to "change ... one non[-]conforming use to another." Specifically, Conway wanted to convert sixty percent of its restaurant space into nine additional hotel units, thereby increasing the total units to twenty-one. The ZBA, empowered by Lovell, Me., Zoning Ordinance § 5.2(B)(3) (Mar. 2, 2002) (Ordinance) to hear change of use applications, asserted jurisdiction.

[¶ 3] Applying the standards set forth in Ordinance § 5.2(B)(3),[2] the ZBA concluded

---

1. Quisisana additionally contends that the ZBA properly (1) concluded that Conway's application proposed an adverse and substandard change of use; and (2) expanded its review of Conway's application to aspects unrelated to the proposed change of use. We decline to address these contentions.

2. Lovell, Me., Zoning Ordinance § 5.2(B)(3) provides:

   An existing non-conforming use may be changed to another non-conforming use provided that the proposed use is equally or more appropriate to the district than the

that the hotel units were equally or more adverse to adjacent properties than the restaurant use and that they failed to comply with some of the applicable performance standards.[3] The ZBA, therefore, denied the application. Conway, regretting its initial decision to seek ZBA approval, appealed to the Superior Court pursuant to M.R. Civ. P. 80(B), contending that the ZBA exceeded its jurisdiction because the application did not involve a change of use. The court ruled that, although Conway's application involved an expansion of use (i.e., more hotel rooms), it did not involve a change of use (i.e., both before and after the application was to be implemented there would be both restaurant seats and hotel rooms) and the ZBA, therefore, lacked jurisdiction. Quisisana commenced this appeal.

## II. DISCUSSION

[¶ 4] Quisisana contends that Conway's application involved a change of use and the ZBA acted within its authority in asserting jurisdiction. We agree.

[¶ 5] "When the Superior Court acts as an intermediate court of appeals, the Law Court reviews the decision of the tribunal of original jurisdiction directly." *Peregrine Developers, LLC v. Town of Orono*, 2004 ME 95, ¶ 9, 854 A.2d 216, 219 (quotation marks omitted). In considering the decision of a ZBA, we "review [its] findings for an abuse of discretion, error of law, or [a lack of] substantial evidence in the record" but "review [its] interpretation of local zoning ordinances *de novo*." *Lewis v. Town of Rockport*, 2005 ME 44, ¶ 11,

870 A.2d 107, 110 (quotation marks omitted). This case—presenting the issue of whether Conway's application involved a change of use within the meaning of Ordinance § 5.2(B)(3)—requires us to review the ZBA's findings as well as its ordinance interpretation.

[¶ 6] Title 30–A M.R.S. § 2691(4) (2005), which sets forth the jurisdictional parameters for boards of appeals, provides that a municipality may confer upon a board of appeals "the power to hear any appeal ... necessary, proper or required." It further provides that a board of appeals may hear only those appeals that have been explicitly designated as within its jurisdiction. Ordinance § 10.3(A)(1) confers jurisdiction upon the ZBA to hear "any appeal designated an administrative appeal."[4] Ordinance § 5.2(B)(3) designates a change of use application—i.e., one involving a change from an "existing nonconforming use" to "another non-conforming use"—as an administrative appeal. Although it is difficult to determine what kind of change is necessary to bring an application within the scope of Ordinance § 5.2(B)(3), in general, an alteration in the character and quality of use will suffice to constitute a change of use, whereas an increase in the intensity or volume of use will not. *See Boivin v. Town of Sanford*, 588 A.2d 1197, 1199 (Me.1991); *Frost v. Lucey*, 231 A.2d 441, 447 (Me.1967).

[¶ 7] Because Conway was proposing to convert a portion of the lodge from a restaurant to hotel units, we cannot say that the ZBA erred in concluding that the pro-

---

existing non-conforming use, and the impact on adjacent properties is less adverse than the impact of the former use as determined by the Appeals Board.... The performance standards in Articles VII an VIII of this ordinance shall apply to such requests to establish new non-conforming uses.

3. The ZBA additionally concluded that Conway's application constituted an impermissible expansion and extension of a non-conforming use and the creation of a non-compliant multi-family development.

4. The ZBA apparently hears "administrative appeals" as a tribunal of original jurisdiction.

posed conversion constituted a change of use within the meaning of Ordinance § 5.2(B)(3). Mindful that Conway itself initially characterized its application as involving a change of use, we uphold the ZBA's decision to assert jurisdiction.

The entry is:

Judgment vacated.